IN THE CIRCUIT COURT, FOURTH<br>
JUDICIAL CIRCUIT, IN AND FOR<br>
DUVAL COUNTY, FLORIDA.

CRISS COLEMAN,                                        CASE NO.:

          Plaintiff,

v.

THE CITY OF JACKSONVILLE,
MIKE WILLIAMS, individually and in his
Official Capacity as Sheriff of the Consolidated
City of Jacksonville and Duval County, and
M.L. HICE,

          Defendants.
_____/

## COMPLAINT

Plaintiff, CRISS COLEMAN, files this complaint against Defendants MIKE WILLIAMS, CITY OF JACKSONVILLE and M.L.HICE and alleges:

### Common Allegations

1. This is an action for damages in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is brought pursuant to Section 768.28., Florida Statutes; and pursuant to, 42 U.S.C. § 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

2. Plaintiff has complied with the notice provisions of all relevant Florida Statutes and municipal ordinances prior to the filing of this lawsuit. On January 23, 2017, Plaintiff served on Defendant CITY OF JACKSONVILLE the notice required by Florida Statutes § 768.28, and the Jacksonville Municipal Ordinances. More than six (6) months have elapsed since this notice was provided.

ACCEPTED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 07/12/2017 08:48:56 AM

3. At all times material, Plaintiff CRISS COLMAN was a resident of Jacksonville, Duval County, Florida.

4. Defendant, MIKE WILLIAMS was, at all times material, the duly elected Sheriff of Jacksonville, Duval County, Florida, and an adult citizen and resident of Jacksonville, Duval County, Florida. Defendant, MIKE WILLIAMS, in his capacity as Sheriff, was responsible for the supervision, training, instruction, control, discipline and conduct of the employees and agents of the Jacksonville Sheriff's Office, an agency of the City of Jacksonville.

5. Defendant, M.L. HICE, was, at all times material, an officer acting within the course and scope of his employment by the Jacksonville Sheriff's Office and the City of Jacksonville. At all times material, Defendant, M.L. HICE acted in conformance with the policies of Defendant, M.L. HICE and the Jacksonville Sheriff's Office and acted under color of state law.

6. On February 13, 2016, at approximately 12:00 AM, Plaintiff, CRISS COLEMAN was riding as a passenger in a vehicle driven on Cavalier Road in Jacksonville, Florida. At that time and place, a marked Jacksonville Sheriff's Office patrol vehicle began to follow the vehicle Plaintiff, CRISS COLEMAN was in. This patrol vehicle was driven by a sheriff's office recruit being supervised by Defendant M.L. HICE who was in the passenger seat. Defendant, M.L. HICE and the recruit mistakenly believed that the vehicle Plaintiff, CRISS COLEMAN was in might have been involved in a previously reported incident.

7. Plaintiff, CRISS COLEMAN, scared by the presence of police, exited the vehicle at a stop sign and began to flee on foot.

8. Defendant, M.L. HICE gave chase on foot, pursuing Plaintiff, CRISS COLEMAN behind a home where he observed Plaintiff, CRISS COLEMAN on the other side of a large drainage ditch, running away from him. Defendant, M.L. HICE fired his weapon four (4) times at the fleeing Plaintiff, CRISS COLEMAN, striking him in the leg. Plaintiff, CRISS COLEMAN was then arrested.

9. Plaintiff, CRISS COLEMAN was transported to Shands Medical Center following his arrest. His gunshot wound was treated and he was returned to the custody of the Jacksonville Sheriff's Office.

10. Plaintiff, CRISS COLEMAN was then transported that same day by Jacksonville Sheriff's Officers to the Duval County Pre-trial Detention Center. Within 24 hours of admission, Coleman began to complain of pain and numbness with foul discharge from the site of his gunshot wound. He asked for medical treatment. He was not seen by medical personnel until February 15, 2015 at which time he was found to have a fever and large amounts of drainage form the wound. He was sent back to Shands Medical Center where he was diagnosed with compartment syndrome of the left lower extremity. He underwent a fasciotomy, multiple irrigation and debridement procedures, and placement of a wound vac.

## COUNT I NEGLIGENCE OF DEFENDANT CITY OF JACKSONVILLE

11. Plaintiff, CRISS COLEMAN re-alleges and incorporates by reference the allegations of paragraphs 1-10 herein.

12. The Defendant, CITY OF JACKSONVILLE, by and through its law enforcement officers, agents and employees, had the duty to use reasonable care in the exercise of deadly force in the pursuit of suspects, including suspects who were fleeing.

Notwithstanding that duty, the Defendant, CITY OF JACKSONVILLE, by and through its officers, agents, and employees, did, or failed to do, one or more of the following acts, any one or more of which were a violation of the duty of reasonable care:

a. Defendant, M.L. HICE acting in the course and scope of his employment by the Defendant, CITY OF JACKSONVILLE, failed to conform to the following policies of the Jacksonville Sheriff's Office
   i. General order LXXII.0 (72), section V (deadly force policy);
   ii. General Order LXXII.0, (72) section XV (firearms policy);
b. Defendant, M.L. HICE used deadly force in the absence of appropriate conditions for the use of such deadly force, including, but not limited to the fact that Coleman was fleeing away from the officer and was not armed;
c. Defendant M.L.HICE, acting in the course and scope of his employment by the Defendant, CITY OF JACKSONVILLE used excessive force under all the relevant surrounding facts and circumstances, including, but not limited to the fact that Coleman was fleeing away from the officer, and was not armed;
d. The Defendant, CITY OF JACKSONVILLE failed to properly train Defendant, M.L. HICE, in the use of deadly force;
e. The Defendant, CITY OF JACKSONVILLE failed to properly supervise Defendant, M.L. HICE in the use of deadly force.
f. The Defendant, CITY OF JACKSONVILLE failed to take appropriate corrective measures to prevent unjustified officer shootings of suspects in light of the documented history within the Jacksonville Sheriff's office of such unjustified

shooting carried out by officers, particularly shooting involving unarmed, African-American, male suspects.

13. As a direct and proximate result of the negligence of the Defendants as alleged herein, Plaintiff, CRISS COLEMAN suffered bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. These losses are either permanent or continuing in nature, and Plaintiff, CRISS COLEMAN will suffer them in the future.

WHEREFORE, Plaintiff CRISS COLEMAN demands judgment against Defendant, CITY OF JACKSONVILLE for damages in excess of $75,000.00, together with costs of this action.

## COUNT II
## EXCESSIVE FORCE BY DEFENDANT NOBLES

14. Plaintiff, CRISS COLEMAN re-alleges and incorporates by reference the allegations of paragraphs 1-10 herein.

15. The conduct of Defendant, M.L. HICE in shooting the unarmed Plaintiff, CRISS COLEMAN who was running away from him, was intended to cause harm unjustifiable by any governmental interest, shockingly offends a universal sense of justice and conscience, and deprived Plaintiff, CRISS COLEMAN of his liberty without due process of law, which is actionable under 42 U.S.C. section 1983, as a violation of the Fourth and Fourteenth Amendment to the Constitution of the United States.

16. The actions or inactions alleged above were undertaken with Defendant M.L.HICE's willful, wanton, callous and knowing disregard to the clearly established rights of Plaintiff, CRISS COLEMAN.

17. As a direct and proximate result of the wrongful conduct of Defendant, M.L.HICE's as alleged herein, Plaintiff, CRISS COLEMAN suffered bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. These losses are either permanent or continuing in nature, and Plaintiff will suffer them in the future.

WHEREFORE, Plaintiff CRISS COLEMAN demands judgment against defendant Defendant, M.L.HICE for damages in excess of $75,000.00, together with costs of this action.

### COUNT III
### MUNICIPAL LIABILITY FOR EXCESSIVE FORCE

18. Plaintiff re-alleges and incorporates by reference paragraphs 1-10 herein

19. Defendant, MIKE WILLIAMS, through his agents and employees, acting within their authority and under color of state law, instituted customs, practices, and/or policies that violated fundamental human rights and justice in such a way that shocks the conscience and that directly deprived Coleman of his liberty without due process of law, which is actionable under 42 U.S.C. section 1983, as a violation of the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

20. Additionally, by failing to adequately discipline his officers for their actions and inactions, Defendant, MIKE WILLIAMS has ratified the officers' decisions and their reasons for those decisions, thus constituting a custom, practice, and/or policy.

21. Alternatively, Defendant M.L.HICE, while acting at the scene was the final policymaker for Defendant, MIKE WILLIAMS as his decisions were not immediately or effectively reviewable.

22. Additionally, prior to the shooting of Plaintiff, CRISS COLEMAN, Defendant, MIKE WILLIAMS failed to adequately train his agents and employees with respect to the use of deadly force in pursuit of fleeing and unarmed suspects, particularly African American, male, suspects despite a clear and obvious need for such training reflected in the clear pattern of unconstitutional officer shootings The failure to act in light of such obvious need constitutes deliberate indifference. The aforementioned customs practice and policies were the moving force of the constitutional deprivations suffered by Coleman.

23. As a direct and proximate result of the wrongful conduct alleged herein, Plaintiff, CRISS COLEMAN suffered bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. These losses are either permanent or continuing in nature, and Plaintiff will suffer them in the future.

WHEREFORE, Plaintiff CRISS COLEMAN demands judgment against Defendant, CITY OF JACKSONVILLE for damages in excess of $75,000.00, together with costs of this action.

**DEMAND FOR JURY TRIAL.**

Plaintiff, CRISS COLEMAN, hereby demands a trial by jury as to all issues. Signed this 10TH day of July, 2017.

                                                NICHOLS & PINA, LLLP

BY: _____
THEODORE S. PINA, JR.
FL Bar No.: 0095192
300 West Adams Street, Suite 130
Jacksonville, Florida 32202
(904) 353-3300 (P) (904) 353-3315 (F)
Attorney for Plaintiff
ted@nicholsandpina.com