UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CRISS COLEMAN,

      Plaintiff,

vs.                                  Case No.:  3:17-cv-00903-MMH-MCR

THE CITY OF JACKSONVILLE,
MIKE WILLIAMS, individually and in his
Official Capacity as Sheriff of the Consolidated
City of Jacksonville and Duval County, and
M.L. HICE,

      Defendants.

_____/

## DEFENDANT HICE'S MOTION TO DISMISS
## AND SUPPORTING MEMORANDUM OF LAW

Defendant, M.L. HICE, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure,

hereby moves to dismiss Count II of Plaintiff's Complaint (Doc. 2), for failure to state a claim

upon which relief can be granted.[1]

## MEMORANDUM OF LAW

### Alleged Material Facts

1. At all times material, Officer/Defendant Hice was acting in the course and scope of his employment by the Jacksonville Sheriff's Office under color of state law. (Complaint, ¶5).

2. On February 13, 2016, at approximately midnight, Plaintiff was riding as a passenger in a vehicle on Cavalier Road in Jacksonville, Florida. (*Id.*, ¶6).

3. A marked JSO patrol vehicle began to follow the vehicle in which the Plaintiff was riding. The JSO vehicle was being driven by a JSO recruit; Defendant Officer Hice was a passenger as the recruit's supervisor. Hice and the recruit "mistakenly believed" that the vehicle in which Plaintiff was riding "might have been involved in a previously reported incident." (*Id.*).

_____

[1] No claim is asserted against Defendant Hice in Counts I and III.

4. Plaintiff got out of the vehicle at a stop sign and fled on foot because he was "scared by the presence of police." (*Id.*, ¶7).

5. Hice chased the Plaintiff on foot to behind a home where he saw the Plaintiff "on the other side of a large drainage ditch, running away from him." Hice fired at Plaintiff four times, "striking [Plaintiff] in the leg." Plaintiff was then arrested. (*Id.*, ¶8).

On these facts, Plaintiff sues Hice in Count II of the Complaint under 42 U.S.C. § 1983 for violating his Fourth and Fourteenth Amendment rights.

**Motion to Dismiss Standard**

In order to state a claim, Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "[B]are assertions" which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, should therefore be rejected as "conclusory and not entitled to be assumed true." *Id.* at 681; see also *S.D. v. St. Johns County School Dist.*, 2009 WL 2381287 (M.D. Fla. 2009).

"To survive a motion to dismiss, a complaint must plead enough factual matter that, if taken as true, suggests that the elements of the cause of action will be met. *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007). Thus, the well-pleaded factual allegations must be taken as true, and the alleged facts must suggest the required elements of the causes of action on

which Plaintiff can recover. *Jones v. Jenne*, No. 07-600839-CIV, 2008 WL 2323890 *1 (S.D.Fla., June 2, 2008) (emphasis added).

In ruling on a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). Although a court must accept well-pled facts as true, it is not required to accept a plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Nor is a court is "required to draw plaintiff's inference." *Sinaltrainal*, 578 F.3d at 1260 (internal citation and quotations omitted).

Further, "Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678, *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, allegations showing "[t]he mere possibility the defendant acted unlawfully [are] insufficient to survive a motion to dismiss." *Sinaltrainal*, 578 F.3d at 1261; see also *Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555. Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Id.* at 570.

### Count II Does Not Allege a Constitutional Violation by Officer Hice

To state a claim for relief under § 1983, a plaintiff must sufficiently allege that he or she was "deprived of a right secured by the Constitution or laws of the Unites States, and that the alleged deprivation was committed under color of state law." *See Focus on the Family v.*

*Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276-77 (11th Cir. 2003) (quotation omitted). Thus, Plaintiff's claim against Officer Hice is subject to dismissal if his complaint fails to allege a constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 106 S. Ct. 1571 (1986). Taking all well-pled allegations as true, it is evident from the four-corners of the Complaint that no constitutional violation has been alleged; thus, Hice is entitled to a dismissal of the claims asserted in Count II.

1. Fourth Amendment

As reviewed above, the only pertinent and material <u>facts</u> alleged regarding Hice's encounter with Mr. Coleman on February 13, 2016, show 1) Officer Hice and his recruit were in a marked JSO patrol car and began to follow a vehicle in which Plaintiff was riding (Complaint, ¶6); 2) Officer Hice and his recruit "mistakenly believed" that the vehicle Plaintiff in which Plaintiff was riding had been involved in a previously reported "incident" (*Id.*); 3) Plaintiff got out of the car at a stop sign and ran away because he was afraid of the police (*Id.*, ¶7); and 4) Officer Hice shot the Plaintiff as he was running away in a residential area. (*Id.*, ¶8). All of these alleged events occurred around midnight. (*Id.*, ¶6).

The Fourth Amendment "guarantees citizens the right 'to be secure in their persons ... against unreasonable … seizures. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Thus, the amendment "provides the right to be free from the use of excessive force in the course of an investigatory stop or other seizure of the person." *Beshers v. Harrison*, 495 F.3d 1260, 1265 (11th Cir. 2007) (internal quotation marks omitted); *Mercado v. City of Orlando*, 407 F.3d 1152, 1156-57 (11th Cir. 2005). While the allegations in Count II are adequate to allege a seizure under the Fourth Amendment, not every seizure results in liability under § 1983; "the seizure must be unreasonable." *Beshers*, 495 F.3d at 1266. Therefore, a complaint must allege sufficient facts to

show, in this instance, that Officer Hice's actions, *i.e.*, his decision to shoot the Plaintiff, was objectively unreasonable. *See Scott v. Harris*, 550 U.S. 372, 381 (2007); *Graham*, 490 U.S. at 397; *Beshers*, 495 F.3d 1263 n.4, and 1266; *Mercado*, 407 F.3d at 1157 ("In determining whether the officers' force was unreasonable, [the court] must determine 'whether a reasonable officer would believe this level of force is necessary in the situation at hand.'"). "Any claim that a law enforcement officer used excessive force–whether deadly or not–during a seizure of a free citizen must be analyzed under the Fourth Amendment's 'reasonableness' standard." *Garczynski v. Bradshaw*, 573 F.3d 1158, 1166 (11th Cir. 2009), *Carr v. Tatangelo*, 338 F.3d 1259 (11th Cir. 2003).

Count II simply does not allege sufficient facts to show that Officer Hice's actions were objectively unreasonable. Indeed, on its face, Count II most plausibly shows that Officer Hice acted lawfully in pursuit of a fleeing suspect and that Plaintiff's own actions and decisions were the cause of his injuries. At most, Count II alleges a mistake by Officer Hice, which is not necessarily a Fourth Amendment violation. See *Maryland v. Garrison*, 480 U.S. 79, 87, 107 S. Ct. 1013 (1987) ("[T]he Court has recognized the need to allow some latitude for honest mistakes that are made by officers in the dangerous and difficult process of making arrests and executing search warrants.").

2. Fourteenth Amendment

Count II also appears to assert a Fourteenth Amendment substantive due process claim against Officer Hice. If so, such claim is barred on the facts alleged. As recently observed,

> all claims that law enforcement officers have used excessive force–deadly or not–in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach. Because the Fourth Amendment provides an explicit textual source of constitutional

> protection against this sort of physically intrusive government conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.

*Southerland v. Carey, et al.,* Case No.: 3:11-cv-1193-J-37MCR (M.D. Fla., May 9, 2013: Doc. 47, p. 13) (Dalton, J.), quoting *Graham v. Connor*, *supra.*

Even if a Plaintiff's substantive due process claim is not barred, the Supreme Court addressed the standard needed to establish a claim under the Fourteenth Amendment's substantive due process clause in *County of Sacramento v. Lewis*, 523 U.S. 833 (1998).   In Lewis, the Court explained that it has "always been reluctant to expand the concept of substantive due process."   (*Id*. at 842)   The Due Process Clause is intended to prevent government officials from abusing their power or employing it as an instrument of oppression. (*Id*. at 845-46)  Conduct by a government actor will rise to the level of a substantive due process violation only if the action rises to a level that "shocks the conscience" in a constitutional sense. (*Id*. at 846)  The Court explained that "the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm, and the Fourteenth Amendment is not a font of tort law."  (*Id*. at 848)

While a Fourteenth Amendment violation is measured by a subjective standard, as compared to an objective one for Fourth Amendment violations, it is abundantly clear that the Complaint fails to allege that Officer Hice did anything even remotely approaching the extreme behavior required to establish a substantive due process violation.   Accordingly, Count II is due to be dismissed to the extent Plaintiff purports to state a claim for a Fourteenth Amendment violation.

3.   Qualified immunity

Officer Hice is sued in his individual capacity and is therefore entitled to qualified immunity based on the allegations of the complaint. Qualified immunity shields government officials executing discretionary functions from civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Application of this standard requires the court to conduct its review through the eyes of an objective, reasonable government official and ask whether a reasonable official believed his or her actions to be lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred. *Nicholson v. Georgia Dept. Of Human Resources*, 918 F.2d 145, 147 (11th Cir. 1990), *citing Anderson v. Creighton*, 483 U.S. 635, 641-42, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987); *Malley v. Briggs*, 475 U.S. 335, 346 (1986). Unless it can be said that the state of the law was of such clarity that a reasonable official should have been on notice that his or her challenged conduct was unlawful, that official is entitled to qualified immunity. *Clark v. Evans*, 840 F.2d 876, 880 (11th Cir. 1988).

As a defense for governmental employees who are sued individually, the qualified immunity defense should be liberally construed. The Eleventh Circuit has stated "[t]hat qualified immunity protects governmental actors is the usual rule, only in exceptional cases will government actors have no shield against claims made against them in their individual capacities." *Lassiter v. Alabama A & M University*, 28 F.3d 1146, 1149 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer,* 536 U.S. 730, 122 S.Ct. 2508 (2002). Qualified immunity protects all government officials except the plainly incompetent or those who knowingly violate the law. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "Qualified immunity is

important to society as a whole and because[,] as an immunity from suit, qualified immunity is effectively lost if a case is erroneously permitted to go to trial." *White v. Pauly*, 137 S.Ct. 548, 552 (2017) (internal quotations and citations omitted).

Once a defendant government official shows that he or she was engaged in a discretionary duty at the time complained of, the burden shifts to the plaintiff to show that defendant is not entitled to qualified immunity. *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008). In the instant case, Plaintiff alleges in the complaint that "Hice was, at all times material, an officer acting within the course and scope of his employment by the Jacksonville Sheriff's Office and the City of Jacksonville." (Complaint, ¶ 5). The plain language of the complaint shows that Hice was engaged in a discretionary duty, and the burden therefore shifts to the Plaintiff.

A plaintiff's burden involves a two-step inquiry.[2] The first question is whether the facts alleged show that Defendant's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second question is whether the right was clearly established. *Id.* In determining whether a right is clearly established, "[t]he relevant, dispositive inquiry ... is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. Viewed under an objectively reasonable standard, a government official performing discretionary functions is protected if "a reasonable official *could* have believed his or her conduct to be lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred." *Hardin v. Hayes*, 957 F.2d 845, 848 (11th Cir.1992). "For qualified immunity to be surrendered, pre-existing law must dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion

_____

[2] Courts have discretion in determining which of the two questions should be addressed first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." *Lassiter*, 28 F.3d at 1150. In other words, an officer is entitled to qualified immunity from liability "if a reasonable officer might not have known for certain that the conduct was unlawful." *Ziglar v. Abbasi*, 2017 WL 2621317 at *24 (U.S. June 19, 2017).

As set forth above, the facts alleged in the complaint do not show any violation of the constitutional rights of Plaintiff. Nor do the allegations of the complaint show that the claimed constitutional rights were clearly established. Plaintiff's minimal facts and conclusory allegations are insufficient for him to meet his burden. Based on the facts alleged in the complaint, Officer Hice during his patrol objectively reasonably believed that the car in which Plaintiff was a passenger was involved in an incident, and that the shooting was necessary to capture a suspect who fled from the vehicle immediately upon seeing the police and continued to flee through a residential area shortly after midnight, disregarding the commands of police officers.

Even if Plaintiff could establish a constitutional violation under the minimal factual assertions and conclusory allegations of the complaint, nothing in the complaint shows that the constitutional right claimed by Plaintiff was clearly established. The Supreme Court recently reaffirmed "the longstanding principle that 'clearly established law' should not be defined 'at a high level of generality'" but instead "must be 'particularized' to the facts of the case." *White v. Pauly*, 137 S.Ct. 548, 552 (2017). Failure to particularize the clearly established law could effectively eviscerate the doctrine of qualified immunity by allowing plaintiffs to defeat it with a mere allegation of a "violation of extremely abstract rights." *Id.* at 552. *Compare Jones v. Fransen*, 857 F.3d 843, 854-55 (11th Cir. 2017) (general principle that Fourth Amendment prohibits excessive force was insufficient to defeat officers' entitlement to qualified immunity, *citing White v. Pauly*). In the instant case, no case law from the U.S. Supreme Court, the U.S.

9

Court of Appeals for the Eleventh Circuit, or the Florida Supreme Court provided Officer Hice with fair notice that the conduct alleged in the complaint violated a constitutional right under these particular circumstances. Plaintiff cannot meet his burden of establishing, based on the allegations of the complaint, that no objectively reasonable officer possessing the same knowledge as Officer Hice could have believed that the use of such force was necessary.

### Conclusion

For the foregoing reasons, Defendant Hice respectfully requests that this Court dismiss the Complaint.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**
**CITY OF JACKSONVILLE**


/s/Sonya H. Hoener
**SONYA H. HOENER**
ASSISTANT GENERAL COUNSEL
Florida Bar No.: 0042803
shoener@coj.net
**SEAN B. GRANAT**
DEPUTY GENERAL COUNSEL
Florida Bar No.: 0138411
sgranat@coj.net
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
904-630-1859; 904-630-1316
Attorneys for Defendant Hice

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of August, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

/s/Sonya H. Hoener
**SONYA H. HOENER**