UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.: 3:17-cv-0903-J-34MCR

CRISS COLEMAN,

        Plaintiff,

v.

THE CITY OF JACKSONVILLE,

        Defendant.
_____/

## JOINT STIPULATION PERMITTING PLAINTIFF TO FILE AN AMENDED COMPLAINT AND DISMISSING DEFENDANT HICE

All parties who have appeared in this action, by and through their undersigned counsel, and pursuant to Rule 15(a) and Rule 41 (a)(1)(A)(ii), hereby stipulate to the filing of an Amended Complaint, a copy of which is attached, and the dismissal of all claims asserted herein against the individual Defendant, M.L. Hice.

Dated: September 25th, 2017

Respectfully submitted,

| NICHOLS & PINA, LLLP | OFFICE OF GENERAL COUNSEL<br>CITY OF JACKSONVILLE |
|---|---|
| /s/Theodore S. Pina, Jr.<br>**Theodore S. Pina, Jr.**<br>**Florida Bar No. 0095192**<br>Email: ted@nicholsandpina.com<br>300 West Adams Street, Suite 130<br>Jacksonville, Florida 32202<br>Telephone: (904) 353-3300<br>Facsimile: (904) 353-3315<br>Attorney for Plaintiff | /s/Sonya Hoener<br>Sonya Hoener, **Assistant General Counsel**<br>**Florida Bar No.:42083**<br>Email: shoener@coj.net<br>**STEPHEN J. POWELL**<br>**Chief Tort & Employment Litigation**<br>**Florida Bar No. 305881**<br>Email<br>117 West Duval Street, Suite 480<br>Jacksonville, Florida 32202<br>Telephone: (904) 630-1841<br>Facsimile: (904) 630-1316<br>Attorneys for Defendants |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.: 3:17-cv-0903-J-34MCR

CRISS COLEMAN,

        Plaintiff,

v.

THE CITY OF JACKSONVILLE,

        Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, CRISS COLEMAN, files this Amended Complaint against Defendant, CITY OF JACKSONVILLE and alleges:

### Common Allegations

1. This is an action for damages in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is brought pursuant to Section 768.28., Florida Statutes; and pursuant to, 42 U.S.C. § 1983 and 1988 and the Eighth Amendment to the Constitution of the United States.

2. Plaintiff has complied with the notice provisions of all relevant Florida Statutes and municipal ordinances prior to the filing of this lawsuit. On January 23, 2017, Plaintiff served on Defendant, THE CITY OF JACKSONVILLE the notice required by Florida Statutes § 768.28, and the Jacksonville Municipal Ordinances. More than six (6) months have elapsed since this notice was provided.

3. At all times material, Plaintiff, CRISS COLMAN was a resident of Jacksonville, Duval County, Florida.

1

4. At all times material, the Defendant, THE CITY OF JACKSONVILLE, Jacksonville was a municipality and operated the Jacksonville Sheriff's Office, was responsible for the supervision, training, instruction, control, discipline and conduct of the employees and agents of the Jacksonville Sheriff's Office, an agency of the City of Jacksonville.

5. On February 13, 2016, at approximately 12:00 AM, Plaintiff, CRISS COLEMAN was riding as a passenger in a vehicle driven on Cavalier Road in Jacksonville, Florida. At that time and place, a marked Jacksonville Sheriff's Office patrol vehicle began to follow the vehicle Plaintiff, CRISS COLEMAN was in.

6. Plaintiff, CRISS COLEMAN, scared by the presence of police, exited the vehicle at a stop sign and began to flee on foot.

7. The Jacksonville Sheriff's Officer gave chase on foot, pursuing Plaintiff, CRISS COLEMAN. The officer fired his weapon four (4) times at the fleeing Plaintiff, striking him in the leg. Plaintiff, CRISS COLEMAN was then arrested.

8. Plaintiff, CRISS COLEMAN was transported to Shands Medical Center following his arrest. His gunshot wound was treated and he was returned to the custody of the Jacksonville Sheriff's Office and transported to the Duval County Pre-trial Detention Facility early in the morning on February 13, 2016. Plaintiff, CRISS COLEMAN was examined by jail medical staff and found to have a gun-shot wound and to be at risk for infection.

9. Later in the day on February 13, 2016, Plaintiff, CRISS COLEMAN began to complain of pain and numbness with foul discharge from the site of his gunshot wound. He advised the guards at the Pre-trial Detention Center that he had been shot and was having pain, swelling and discharge with a foul odor from the wound. He

advised that he felt warm. He asked for medical treatment. He continued to voice these complaints on February 14, 2016 and February 15, 2016.

10. Plaintiff's complaints were ignored by guards and staff at the Pre-trial Detention Facility until he was finally seen by medical personnel on February 15, 2015. At that time, he was found to have a fever with large amounts of foul smelling drainage form the wound. He was sent back to Shands Medical Center where he was diagnosed with compartment syndrome of the left lower extremity. He underwent a fasciotomy, multiple irrigation and debridement procedures, and placement of a wound vac. He was hospitalized for a significant amount of time and was left with permanent injury and scarring to the leg.

11. The Defendant, THE CITY OF JACKSONVILLE, by and through its law enforcement officers, agents and employees, had the duty pursuant to the Constitution of the United States to provide Plaintiff with reasonably adequate medical care and to provide for his serious medical needs. The Defendant, THE CITY OF JACKSONVILLE, by and through its officers, agents, and employees, demonstrated deliberate indifference to the serious medical needs of the plaintiff, in violation of the prohibition against cruel and unusual punishment in the Constitution of the United States, by refusing to provide him access to medical treatment even though his complaints, as described above, indicated his wound was becoming infected. The ignoring of plaintiff's complaints and the refusal to provide him medical care and treatment caused him significant pain and resulted in the development of a medical condition, compartment syndrome, which caused painful and permanent injury and which could have been prevented had his complaints and requests been addressed.

12. As a direct and proximate result of the actions or inactions of the Defendant, THE CITY OF JACKSONVILLE, as alleged herein, Plaintiff, CRISS COLEMAN suffered bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. These losses are either permanent or continuing in nature, and Plaintiff, CRISS COLEMAN will suffer them in the future.

WHEREFORE, Plaintiff CRISS COLEMAN demands judgment against Defendant, THE CITY OF JACKSONVILLE for damages in excess of $75,000.00, together with costs of this action.

## DEMAND FOR JURY TRIAL

Plaintiff, CRISS COLEMAN, hereby demands a trial by jury as to all issues. Signed this 25TH day of September, 2017.

NICHOLS & PINA, LLLP

BY: THEODORE S. PINA

THEODORE S. PINA, JR.
FL Bar No.: 0095192
300 West Adams Street, Suite 130
Jacksonville, Florida 32202
(904) 353-3300 (P) (904) 353-3315 (F)
Attorney for Plaintiff
ted@nicholsandpina.com