UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.: 3:17-cv-0903-J-34MCR

CRISS COLEMAN,

    Plaintiff,

v.

THE CITY OF JACKSONVILLE,

    Defendant.

_____/

## SECOND AMENDED COMPLAINT

Plaintiff, CRISS COLEMAN files this Second Amended Complaint against Defendant, CITY OF JACKSONVILLE and alleges:

### Common Allegations

1. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is brought pursuant to Section 768.28., Florida Statutes; and pursuant to 42 U.S.C. § 1983 and 1988 and the Eighth Amendment to the Constitution of the United States.

2. Plaintiff, CRISS COLEMAN has complied with the notice provisions of all relevant Florida Statutes and municipal ordinances prior to the filing of this lawsuit. On January 23, 2017, Plaintiff, CRISS COLEMAN served on Defendant, THE CITY OF JACKSONVILLE the notice required by Florida Statutes § 768.28, and the Jacksonville Municipal Ordinances. More than six (6) months have elapsed since this notice was provided.

1

3. At all times material, Plaintiff, CRISS COLEMAN was a resident of Jacksonville, Duval County, Florida.

4. At all times material, the Defendant, THE CITY OF JACKSONVILLE was a municipality and operated the Jacksonville Sheriff's Office, and was responsible for the supervision, training, instruction, control, discipline and conduct of the employees and agents of the Jacksonville Sheriff's Office, an agency of the City of Jacksonville.

5. On February 13, 2016, at approximately 12:00 a.m., Plaintiff, CRISS COLEMAN was riding as a passenger in a vehicle being driven on Cavalier Road in Jacksonville, Florida. At that time and place, a marked Jacksonville Sheriff's Office patrol vehicle began to follow the vehicle Plaintiff, CRISS COLEMAN was in.

6. Plaintiff, CRISS COLEMAN scared by the presence of police, exited the vehicle at a stop sign and began to flee on foot.

7. The Jacksonville Sheriff's Officer gave chase on foot, pursuing Plaintiff CRISS COLEMAN. The officer fired his weapon four (4) times at the fleeing Plaintiff, striking him in the leg. Plaintiff, CRISS COLEMAN was then arrested.

8. Plaintiff, CRISS COLEMAN was transported to Shands Jacksonville Medical Center following his arrest. His gunshot wound was treated, and he was returned to the custody of the Jacksonville Sheriff's Office and then transported to the Duval County Pre-Trial Detention Facility.

9. Early in the morning on February 13, 2016, Plaintiff, CRISS COLEMAN was examined by jail medical staff, including Brenda Luna, ARNP and/or Brenda Broussard, RN. His wound was not examined, but it was noted that his dressing was intact and clean. Plaintiff, CRISS COLEMAN was told that his wound was

significant/infected and that he would require <u>daily</u> wound care and dressing changes. He was given pain medication but no other medications.

10. Later in the day on February 13, 2016, Plaintiff, CRISS COLEMAN began to complain of increasing pain and numbness with foul discharge from the site of his gunshot wound. That day, and over the next two (2) days, on multiple occasions, he advised the guards and other personnel employed at the Pre-Trial Detention Center that he had been shot and was having pain, swelling and discharge with a foul odor from the wound. He advised that he felt warm. He continued to voice these complaints on February 14, 2016, and February 15, 2016. He asked for medical treatment. No treatment was provided.

11. Plaintiff, CRISS COLEMAN told the guards and jail personnel that he was supposed to have wound care daily but that he had not received any wound care in the form of dressing changes or other treatment the entire time he was in the Pre-Trial Detention Center.

12. During the over forty-eight (48) hours he was in the Pre-trial Detention Facility from February 13, 2016, to February 15, 2016, Plaintiff, CRISS COLEMAN'S wound swelled to such an extent that the swelling was obvious to visual inspection, even through his dressings. Other prisoners remarked on this condition and Plaintiff, CRISS COLEMAN pointed it out to the guards and other personnel. The swelling, pain and numbness caused Plaintiff, CRISS COLEMAN to be unable to ambulate on his crutches without assistance which was also obvious upon visual observation. Plaintiff, CRISS COLEMAN also pointed this out to guards and other personnel.

13. Plaintiff, CRISS COLEMAN'S complaints were ignored by guards and staff at the Pre-Trial Detention Facility. He never received wound care. He never received a dressing change. He was not examined at all until he was finally seen by medical personnel on February 15, 2015, more than two (2) days after his admission. At that time, he was found to have large amounts of foul smelling drainage from the wound. Medical personnel were unable to even palpate a pulse in the foot due to the severity of the swelling/edema. He was found to have a temperature over one-hundred (100) degrees. He was found to be tachycardiac.

14. Plaintiff, CRISS COLEMAN was immediately sent back to Shands Jacksonville Medical Center where he was diagnosed with compartment syndrome of the left lower extremity. He underwent a fasciotomy, multiple irrigation and debridement procedures, and placement of a wound vac. He was hospitalized for a significant amount of time and was left with permanent injury and scarring to the leg.

15. The Defendant, THE CITY OF JACKSONVILLE by and through its law enforcement officers, agents and employees, had the duty pursuant to the Constitution of the United States to provide Plaintiff, CRISS COLEMAN with reasonably adequate medical care and to provide for his serious medical needs. The Defendant, THE CITY OF JACKSONVILLE, by and through its officers, agents, and employees, demonstrated deliberate indifference to the serious medical needs of Plaintiff, CRISS COLEMAN in violation of the prohibition against cruel and unusual punishment in the Constitution of the United States.

16. The Defendant, THE CITY OF JACKSONVILLE, by and through its law enforcement officers, agents and employees, delayed Plaintiff, CRISS COLEMAN'S wound care

treatment for more than two (2) full days, despite the fact that jail medical staff had determined that he needed daily wound care treatment and despite the fact that Coleman informed multiple jail guards and/or staff and other personnel that he was experiencing increasing signs of infection, including warmth (fever), swelling, pain and numbness in the extremity, drainage, and a foul odor. These sign and symptoms are so commonly known to be associated with infection that any jail guards and staff, regardless of medical training, should have known that they indicated a serious medical condition and need for treatment. Nonetheless, no treatment was provided demonstrating a conscious indifference to Criss Coleman's serious medical needs.

17. As a result of the failure to provide him needed medical treatment, Plaintiff, CRISS COLEMAN'S wound became infected. The delay in treatment of his wound for over two (2) days resulted in excessive swelling and the development of compartment syndrome which required him to undergo a fasciotomy and other medical treatment that would not have been needed had he received the required treatment.

18. The ignoring of Plaintiff, CRISS COLEMAN'S complaints and the refusal to provide him medical care and treatment caused him significant pain, disfigurement and permanent injuries which could have been prevented had his complaints and requests been addressed.

19. As a direct and proximate result of the actions or inactions of the Defendant, THE CITY OF JACKSONVILLE, as alleged herein, Plaintiff, CRISS COLEMAN suffered bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and

aggravation of a previously existing condition. These losses are either permanent or continuing in nature, and Plaintiff, CRISS COLEMAN will suffer them in the future.

WHEREFORE, Plaintiff, CRISS COLEMAN demands judgment against Defendant, THE CITY OF JACKSONVILLE for damages in excess of Seventy-Five Thousand Dollars $75,000.00, together with costs of this action.

## DEMAND FOR JURY TRIAL

Plaintiff, CRISS COLEMAN hereby demands a trial by jury as to all issues. Signed this 11TH day of December, 2017.

NICHOLS & PINA, LLLP

By: /s/ *THEODORE S. PINA*

THEODORE S. PINA, JR.
FL Bar No.: 0095192
300 West Adams Street, Suite 130
Jacksonville, Florida 32202
(904) 353-3300 (P)
(904) 353-3315 (F)
Attorney for Plaintiff
ted@nicholsandpina.com