UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CRISS COLEMAN,

    Plaintiff,

vs.             Case No.:  3:17-cv-903-J-34-MCR

THE CITY OF JACKSONVILLE,

    Defendant.

_____/

### DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Defendant, CITY OF JACKSONVILLE ("the City"), pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiff's Second Amended Complaint (Doc. 27), for failure to state a claim upon which relief can be granted, and in support of this motion states as follows:

1. Plaintiff has failed to allege any facts in the Second Amended Complaint that would support a claim for municipal liability against the City.

2. Plaintiff has failed to allege sufficient facts in the Second Amended Complaint that would support a claim for deliberate indifference to medical needs.

WHEREFORE, the City respectfully requests that this Court dismiss the Second Amended Complaint.

**MEMORANDUM OF LAW**

Pursuant to Rule 3.01(a), Local Rules for the Middle District of Florida, Defendant, the City of Jacksonville, submits the following memorandum of law in support of its motion to dismiss:

### Pleading standards

To state a claim upon which relief can be granted, a plaintiff is required to plead a "short and plain statement" showing that he "is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "To survive a motion to dismiss, a complaint must plead enough factual matter that, if taken as true, suggests that the elements of the cause of action will be met." *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007).

Pleading factual matters "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678, *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Allegations simply showing a "possibility that a defendant has acted unlawfully" are insufficient. insufficient to survive a motion to dismiss." *Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" (*quoting Twombly*, 550 U.S. at 557)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555. Rather,

the well-pleaded allegations must nudge the claim "across the line from conceivable to plausible." *Id.* at 570.

In the instant case, Plaintiff's Second Amended Complaint does not contain sufficient allegations to state a plausible claim for relief against the City. The Second Amended Complaint is completely devoid of any allegations that would support a claim for municipal liability and falls short of stating facts sufficient to support any constitutional violation. This Court should therefore dismiss the Second Amended Complaint.

**Allegations of Second Amended Complaint**

Early in the morning of February 13, 2016, Plaintiff fled from and was subsequently shot by a Jacksonville Sheriff's Officer (Doc. 27 ¶¶ 5, 7). Plaintiff was arrested and transported to Shands Jacksonville Medical Center (Doc. 27 ¶ 8). After his gunshot wound was treated, he was booked into the Duval County Pretrial Detention Facility (PTDF) early the same morning (Doc. 27 ¶ 8). PTDF medical staff examined him, noting that the dressing to his gunshot would that had been applied at Shands "was intact and clean," although the wound itself was not examined (Doc. 27 ¶ 9). PTDF medical staff also gave him pain medication that day (Doc. 27 ¶ 9). Plaintiff alleges that he complained of pain, numbness, swelling, and foul discharge from his wound on February 14 and 15 (Doc. 27 ¶¶ 10- 13) but no treatment was provided until February 15, 2016, when he "was finally seen by medical personnel" (Doc. 27 ¶ 13) and "was immediately sent back to Shands Jacksonville Medical Cente." (Doc. 27 ¶ 14).

Plaintiff contends that the City "demonstrated deliberate indifference to [his] serious medical needs" in violation of the United States Constitution (Doc. 27 ¶ 15). Plaintiff further contends that the delay in providing wound care "demonstrate[ed] a conscious indifference" and

exacerbated his injuries (Doc. 27 ¶¶ 16-18.) Although the Second Amended Complaint differs from the Amended Complaint in that it makes additional allegations regarding the medical care provided to Plaintiff, the Second Amended Complaint contains the same major defect as the Amended Complaint in that it fails to allege any policy, custom, or practice of the City that could serve as a basis for imposing municipal liability. *Compare* Doc. 13.

**Argument**

The law is well settled that to hold a municipality liable under 42 U.S.C. §1983, a plaintiff must show that the municipality had a custom or policy that constituted deliberate indifference to his constitutional rights, and that the policy or custom caused an actual violation of that right. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004), *citing City of Canton v. Harris,* 489 U.S. 378, 388 (1989). In this case, Plaintiff in the Second Amended Complaint attempts to plead a claim in a single count for a constitutional violation arising out of deliberate indifference to medical needs, but fails to allege any of the essential elements of either a constitutional violation or municipal liability. Plaintiff therefore fails to state a cause of action under 42 U.S.C. § 1983 against the City.

A municipality cannot be sued under §1983 solely for the acts of its employees. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694-5 (1978). Rather, a municipality may only be sued under §1983 when it is the execution of the government's policy or custom that actually inflicts the plaintiff's injury. *Id*. Moreover, "[a] plaintiff seeking to hold a municipality liable under §1983 *must identify* a municipal 'policy' or 'custom' that caused the plaintiff's injury." *McDowell*, 392 F.3d at 1290 (emphasis added) (quotation and citation omitted). "This prevents the imposition of liability based upon an isolated incident." *Id.* In the

instant case, the Second Amended Complaint is completely devoid of any allegation of a policy or custom of the City that caused a violation of Plaintiff's rights. Plaintiff has therefore once again failed to state a cause of action against the City.

Further, the alleged acts of the City employees are insufficient to state a claim for deliberate indifference to medical needs. Claims by an inmate alleging denial of proper medical care are analyzed under the Eighth Amendment's cruel and unusual punishment clause.[1] *Estelle v. Gamble*, 429 U.S. 97 (1976). To prevail under 42 U.S.C. § 1983, a plaintiff must demonstrate that a defendant was deliberately indifferent to a serious medical condition, and that such deliberate indifference caused his alleged injury. *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016). "To prove deliberate indifference, a plaintiff must show '(1) subjective knowledge of a risk of serious harm [and] (2) disregard of that risk; (3) by conduct that is more than mere negligence.'" *Burley v. Upton*, 257 F. App'x 207, 209-10 (11th Cir. 2007) (*quoting Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)). Deliberate indifference exists where a defendant has subjective knowledge of a risk of serious harm but disregards that risk through "conduct that is more than mere negligence." *Melton*, 841 F.3d at 1223.

"The mere fact of an inmate's injury is insufficient to state a claim of deliberate indifference;" a plaintiff must show "evidence of conscious or callous indifference to a prisoner's rights." *Hill v. Dekalb Regional Youth Detention Ctr.*, 40 F.3d 1176, 1192 (11th Cir. 1994) (overruled on other grounds by *Hope v. Pelzer*, 536 U.S. 730 (2002)). Medical treatment

---

[1] Plaintiff was a pre-trial detainee during the relevant time period of his allegations, and therefore his protections arise under the Fourteenth Amendment rather that the Eighth Amendment. *Mann v. Tazer Int'l, Inc.*, 588 F.3d 1291, 1306 (11th Cir. 2009). However, "the minimum standard for providing medical care to a pretrial detainee under the Fourteenth Amendment is the same minimum standard required by the Eighth Amendment for a convicted prisoner." <u>Hahn v. DeKalb Co.</u>, 774 F.2d 1567, 1573-74 (11th Cir. 1985).

violates the constitution only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Dang v. Sheriff, Seminole County Florida*, 871 F.3d 1272, 1280 (11th Cir. 2017) (*quoting Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)) "In considering a deliberate indifference claim, [e]ach individual Defendant must be judged separately and on the basis of what that person knows." *Melton*, 841 F.3d at 1224 (alteration in original) (quotation marks omitted).

In the instant case, the plain language of the Second Amended Complaint shows that Plaintiff complained of pain and subsequently received pain medication. He was seen by PTDF medical personnel after he received treatment at Shands Jacksonville, and was taken back to Shands Jacksonville for treatment when his gunshot wound appeared abnormal. Even if he did not receive a dressing change on the intervening day as he alleges, such an action does not constitute "conscious or callous indifference to a prisoner's rights" as required to state a plausible claim for deliberate indifference. Plaintiff makes only mere conclusory allegations of conscious indifference to medical needs, without any facts plausibly showing any subjective awareness of any individual regarding his medical needs. Therefore, even if Plaintiff had alleged the existence of a policy or custom of the City, he also failed to state a cause of action based on deliberate indifference.

**Conclusion**

For the foregoing reasons, Defendant, The City of Jacksonville, respectfully requests that this Court dismiss the Second Amended Complaint and grant such other relief as the Court deems appropriate.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL
CITY OF JACKSONVILLE**

/s/ *Sonya H. Hoener*

**SEAN B. GRANAT, ESQ.**
DEPUTY GENERAL COUNSEL
Florida Bar No.: 0138411
sgranat@coj.net
**SONYA H. HOENER, ESQ.**
ASSISTANT GENERAL COUNSEL
Florida Bar No.: 0042803
shoener@coj.net
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
904-630-1859; 904-630-1316
Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of December, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

/s/ *Sonya H. Hoener*
**SONYA H. HOENER**